UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM REILLY,

       Plaintiff,

File No. 1:13-CV-1096

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action comes before the Court on Plaintiff's objections (ECF No. 20) to the Magistrate Judge's February 19, 2015, Report and Recommendation ("R&R") (ECF No. 19) recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits be affirmed. This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's first objection is based on his contention that the Magistrate Judge never addressed Plaintiff's argument under *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988), that the ALJ failed to consider all of Plaintiff's severe impairments. Contrary to Plaintiff's assertions, the Magistrate Judge did address the ALJ's failure to discuss Plaintiff's diagnosis

of meralgia paresthetica.  The Magistrate Judge determined that this error was harmless because the ALJ considered the entire medical record in rendering his decision, and there is no evidence that Plaintiff's meralgia paresthetica would impose greater limitations than those recognized by the ALJ in her RFC determination.  (R&R 11-12.)  The Magistrate Judge effectively addressed Plaintiff's *Higgs* argument by citing *Kirkland v. Commissioner of Social Security*, 528 F. App'x 425 (6th Cir. 2013), for the proposition that "so long as the ALJ considers all of the individual's impairments, the 'failure to find additional severe impairments . . . does not constitute reversible error.'" *Id.* at 427 (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007).  On de novo review, the Court agrees with the Magistrate Judge's analysis.

The R&R does not directly address Plaintiff's argument that the ALJ minimized his back disorders.  (Pl.'s Init. Br. 18, ECF 15; Pl. Reply Br. 3, ECF No. 18.)  This omission is inconsequential because Plaintiff's argument lacks merit.  The ALJ considered all of the findings related to Plaintiff's back and determined that Plaintiff's degenerative disc disease was a severe impairment.  (R. 24-25.)  Plaintiff has provided no authority in support of his contentions that the ALJ's description of Plaintiff's back condition as degenerative disc disease was improper because Dr. Krinock recommended surgery.  Neither has Plaintiff provided any authority in support of his contention that medical findings of a filling defect, spondylolysis, and narrowing at the lumbosacral junction were not properly encompassed by the finding of degenerative disc disease.

Plaintiff's second objection is to the Magistrate Judge's conclusion that the ALJ properly considered Plaintiff's application for unemployment benefits when assessing Plaintiff's credibility. Plaintiff contends the Magistrate Judge's conclusion was wrong, and that the Magistrate Judge should have followed Chief ALJ Frank Cristaudo's August 9, 2010, memorandum, attached to Plaintiff's brief, and the unpublished Michigan Court of Appeals case of *Ross v. Acrisure*, No. 315347, 2014 WL 3973380 (Mich. Ct. App. Aug. 14, 2014).[1]

The Magistrate Judge's determination is consistent with *Bastian v. Commissioner of Social Security,* 2014 WL 5073606(W.D. Mich., Oct. 3, 2014) (Jonker, J.), where this Court held that "[i]t was appropriate for the ALJ to draw an adverse inference regarding plaintiff's credibility from his application for unemployment benefits during the period he claims to have been disabled." *Id.* at *9 (collecting cases). Moreover, neither ALJ Cristaudo's memorandum nor the opinion in *Ross* call for a different conclusion. Although ALJ Cristaudo noted that an application for unemployment benefits is not necessarily inconsistent with a claim for social security benefits, he specifically observed that an application for unemployment benefits is evidence that the ALJ "must consider," together with the totality of the circumstances. (Pl. Ex. 1, ECF No. 15-1.) *Ross* held that receipt of social security disability benefits does not necessarily preclude a plaintiff from receiving unemployment benefits. *Id.* at *5. However, *Ross* made no reference to how concurrent applications for

---

[1] *Ross* was issued after the parties filed their briefs and was not cited to the Magistrate Judge.

unemployment and disability benefits might impact credibility findings.

Plaintiff's third objection concerns the Magistrate Judge's conclusion that the ALJ properly placed great weight on the opinion of non-treating physician Dr. Larry Jackson. (R&R 13.)  Plaintiff contends that in reaching this conclusion, the Magistrate Judge improperly rejected Plaintiff's argument under *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013).  In *Gayheart* the Sixth Circuit explained that an ALJ could not discount the opinion of a treating physician unless he was able to identify something more than conflicting evidence from a non-treating source.  710 F.3d at 377.  Plaintiff contends that the Magistrate Judge appropriately recited the *Gayheart* rule and then proceeded to discount the opinions of Plaintiff's treating physicians by relying on a non-treating physician's report.

Plaintiff has mischaracterized the R&R.  The Magistrate Judge rejected Plaintiff's argument under *Gayheart* because Plaintiff failed to identify any opinion expressed by either of Plaintiff's treating physicians that was inconsistent with Dr. Jackson's opinion and the ALJ's RFC determination.  (R&R 5.)  Because Dr. Jackson's opinion did not conflict with and did not replace the opinion of a treating source, the treating source rule did not come into play.  The Court agrees with the Magistrate Judge's analysis on this point.  In his objections, Plaintiff has not identified any opinion of his treating physicians that was inconsistent with Dr. Jackson's report.  Plaintiff's objection therefore lacks merit.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 20) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

Dated: March 30, 2015                             /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE